1
2
3
4
5

UNITED STATES DISTRICT COURT

6

CENTRAL DISTRICT OF CALIFORNIA

7
8

EVELYN MARTINEZ,                          Case No. 2:21-cv-4594-MCS (MAR)

9
                        Plaintiff,
10
                v.                        ORDER DISMISSING COMPLAINT
11                                        WITH LEAVE TO AMEND
   CITY OF LOS ANGELES,
12
                        Defendant.
13
14
15                                        **I.**
16                                **INTRODUCTION**
17          On April 6, 2021, Evelyn Martinez ("Plaintiff"), a California resident

18   proceeding pro se, filed a civil rights Complaint ("Complaint") pursuant to 42 U.S.C.

19   § 1983 ("section 1983") against Defendant City of Los Angeles.  ECF Docket No.

20   ("Dkt.") 1.  Plaintiff also refers to the Los Angeles Police Department ("LAPD"), and

21   LAPD employees Officer Born ("Born") and Officer Sanchez ("Sanchez") as

22   defendants in her Complaint.  Dkt. 1 at 2, 5.

23          For the reasons discussed below, if Plaintiff desires to pursue this action, she is

24   **ORDERED** to file a First Amended Complaint ("FAC") **within twenty-one (21)**

25   **days** of the service date of this Order.  In her FAC, Plaintiff must address the

26   discrepancies identified in this Order.  Further, if Plaintiff fails to timely file a First

27   Amended Complaint or fails to remedy the deficiencies of this pleading, the Court will

28

recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and follow the Court's orders.

## II.

## SUMMARY OF THE COMPLAINT

### A.    FACTUAL ALLEGATIONS

In her Complaint, Plaintiff makes the following allegations which stem from an incident[1] on June 12, 2019:[2]

On June 12, 2019,[3] Plaintiff was at a Chevron station where she was "targeted for harm" and separated from her vehicle.  Dkt. 1 at 3.  Plaintiff was "severely injured" and spent the rest of June 2019 in the hospital before moving to a rehabilitation center to recover from her injuries.  Id.  When she was strong enough to tend to her personal affairs, Plaintiff asked to be taken to her car at a tow yard on July 17, 2019.  Id. at 3–4.  Upon arrival at the tow yard, Plaintiff discovered that her car was "trashed inside" and that "her belongings including her wallet with her [IDs], cash, credit cards, etc., [were] missing."  Id. at 4.  While Plaintiff was at the tow yard, she tried to call the police to report "her car's condition and her missing wallet," but her phone, which had been left in her car, needed charging.  Id.  Plaintiff did not retrieve her car on July 17, 2019 and returned to the rehab center.  Id.

On July 29, 2019, Plaintiff contacted the police from her room at the rehab center to report "the theft and vandalism to her vehicle."  Id.  Officer Born and

---

[1] Plaintiff has another complaint before this Court against the Metropolitan Fire Communications ("MFC"), a division of the Los Angeles Fire Department ("LAFD"); LAFD paramedics; and the City of Los Angeles, alleging a number of claims that stem from an encounter with the LAFD on June 12, 2019.  Evelyn Martinez v. City of Los Angeles, et al., Case No. 2:21-1429-MCS (MAR).  However, based on the allegations here, it is unclear whether the allegations from Plaintiff's other complaint before this Court are relevant in the current Complaint.

[2] Where it is unclear, the Court sets out what it believes Plaintiff to be alleging.

[3] In the current Complaint, Plaintiff states that the date of the initial incident was June 19, 2019.  Dkt. 1 at 3.  However, she later switches to referring to June 12, 2019.  Id. at 6.  It is assumed that Plaintiff erred in stating the date as June 19, 2019 and is in fact referring to the June 12, 2019 encounter as alleged in her other complaint, Case No. 2:21-1429-MCS (MAR).

Officer Sanchez responded to the call, at which point Plaintiff reported "all of the details leading up to the call" to the police.[4]  Id. at 5.  Plaintiff told Officers Born and Sanchez about the vandalism to her car as well as which items were stolen from her car and that "there were video cameras at the location where her vehicle was left behind by the Los Angeles Fire Department paramedics who took her away[.]"  Id.  Plaintiff also "urged [Officers Born and Sanchez] to seek those videos immediately and secure and preserve them for evidence and clues into events leading up to the theft and vandalism of her property."  Id.  Officers Born and Sanchez then asked Plaintiff why she waited "so long to report the theft to [the police.]"  Id. at 5–6.  Plaintiff replied that, "she is ill not in good shape and still very much in recovery from the events of June 12th, 2019 and that she just found out about the theft and vandalism July 17, 2019."  Id. at 6.

At this point, Officers Born and Sanchez "turned hostile towards the Plaintiff." Id.  Officer Born, "started making the already stressed out Plaintiff very upset because [Officer Born] started telling the Plaintiff that she just waited too long to report the theft and that probably the video evidence was no longer available."  Id.  Then, Plaintiff and Officer Born went back and forth about whether to write down Plaintiff's account of the events.  Id.  The Officers tried to tell Plaintiff "in a dissuading manner that they don't think reporting the crime would do any good."  Id. at 6–7.  Officers Born and Sanchez "had clearly become unreasonable and combative toward the Plaintiff" and were not receptive to Plaintiff reporting that her credit cards, taken from her car at the tow yard, had been fraudulently used by the thieves

---

[4] Specifically, Plaintiff discussed:
    (1) The theft of her wallet including her IDs, credit cards, and cash;
    (2) The theft of personal items including her military dog tags, pictures, a micro sd card, a phone, clothes, a dashcam camera, earphones; and
    (3) The vandalism of her car with various food/drink containers and items of trash.
Dkt. 5 at 5.  It is unclear whether Plaintiff told Officers Born and Sanchez anything specific about the incident on June 12, 2019, or otherwise mentioned her allegations against the LAFD in her other Complaint before this Court, Evelyn Martinez v. City of Los Angeles, et al., Case No. 2:21-1429-MCS (MAR).

while she was in the hospital. Id. at 7. Officers Born and Sanchez proceeded to provide Plaintiff with a "yellow copy of the Los Angeles Police Department Investigative Report they filled out and would file with the police station" as well as a business card with both Officers Born and Sanchez's "handwritten badge numbers and the date and time of the report." Id.

After reporting the incident, Plaintiff did not hear from either Officer Born or Officer Sanchez, or any LAPD detective regarding "how the investigation was going or to ask further questions about the theft." Id. at 8. Office Born and Sanchez's station also ignored Plaintiff when she contacted the station regarding the investigation. Id. To date, Plaintiff has not received additional information, nor has she been able to retrieve her property. Id. Plaintiff filed a claim for damages against Officers Born and Sanchez and, on October 13, 2020, received a letter denying her claims. Id.

**B.    RELIEF SOUGHT**

In the Complaint, Plaintiff requests a jury trial and "relief in full for actual and punitive damages in the amount of $500,000.00 (five hundred thousand dollars) and for any and all other Relief the Court finds just in the interest of Justice." Id. at 10.

**III.**

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6) a trial court may dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in Omar and noting that in such circumstances a sua sponte dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). The court has authority to sua sponte dismiss claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742–43 (9th Cir.

4

1   2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party

2   which had not appeared, on the basis of facts presented by other defendants which

3   had appeared.").

4        Under Rule 12(b)(6), a party may move to dismiss a pleading for "failure to

5   state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim

6   should be dismissed under Rule 12(b)(6) if the plaintiff fails to proffer "enough facts

7   to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A

8   claim has facial plausibility when the plaintiff pleads factual content that allows the

9   court to draw the reasonable inference that the defendant is liable for the misconduct

10  alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

11       Dismissal for failure to state a claim can be warranted based on either a lack of

12  a cognizable legal theory or the absence of factual support for a cognizable legal

13  theory. See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

14  Cir. 2008). A complaint may also be dismissed for failure to state a claim if it

15  discloses some fact or complete defense that will necessarily defeat the claim.

16  Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other

17  grounds by Neitzke v. Williams, 490 U.S. 319 (1989). Although the plaintiff must

18  provide "more than labels and conclusions," Twombly, 550 U.S. at 555, "[s]pecific

19  facts are not necessary; the [complaint] need only give the defendant[s] fair notice of

20  what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551

21  U.S. 89, 93 (2007) (per curiam) (citations and quotation marks omitted).

22       In considering whether a complaint states a claim, a court must accept as true

23  all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93

24  (9th Cir. 2011). However, a court need not accept as true "allegations that are merely

25  conclusory, unwarranted deductions of fact, or unreasonable inferences." In re

26  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The court must also

27  construe the pleading in the light most favorable to the pleading party and resolve all

28

doubts in the pleader's favor.  See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").  Liberal construction should only be afforded to "a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  A court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend.  Cato, 70 F.3d at 1105, 1107–11.

## IV.

## DISCUSSION

Construed broadly and liberally, Plaintiff's claims are not sufficiently plead to proceed, and the Complaint must be dismissed with leave to amend.

///

///

///

6

## A.    THE COMPLAINT DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 10

### 1.    Applicable law

Rule 10(a) of the Federal Rules of Civil Procedure requires that plaintiffs include the names of all parties in the caption of the complaint.  The Court cannot order service of the Complaint without this information.  Soto v. Bd. of Prison Term, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007).

### 2.    Analysis

Here, the Complaint's caption names only the "City of Los Angeles" as a Defendant.  Dkt. 1 at 1.  However, Plaintiff also mentions the Los Angeles Police Department and mainly refers to LAPD Officers Born and Sanchez as "the Defendant."  Dkt. 1 at 1–2, 5.  It is unclear whether Plaintiff intends that each of these entities and individuals be considered defendants in this action.  In any amended complaint, Plaintiff must list all the Defendants in the caption or the amended complaint will be subject to dismissal on that basis alone.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (as amended).

## B.    THE COMPLAINT DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

### 1.    Applicable law

Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  See Twombly, 550 U.S. at 555 n.3.  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the

1    court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir.

2    2000).

3          A court may dismiss a complaint because it is unintelligible or frivolous "where

4    it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.  Further,

5    Rule 8 requires that a complaint clearly establish the claims and parties such that a

6    defendant would have "no difficulty in responding to the claims with an answer

7    and/or with a Rule 12(b)(6) motion to dismiss." Hearns v. San Bernardino Police

8    Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008); Conley v. Gibson, 355 U.S. 41, 47

9    (1957).  "Something labeled a complaint but written more as a press release, prolix in

10   evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs

11   are suing for what wrongs, fails to perform the essential functions of a complaint."

12   McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

13         **2.    Analysis**

14         Here, the conclusory allegations in the Complaint prevent the Court, and

15   Defendants, from deciphering the factual and legal basis for any Defendants' alleged

16   liability.  See Clayburn v. Schirmer, 2008 WL 564958, at *4.

17         As an initial matter, the Complaint is not a "short and plain statement" of

18   Plaintiff's claims.  See Dura Pharms., Inc., 544 U.S. at 346.  Rather, it consists of often

19   rambling and repetitious statements.  Consequently, the Complaint fails to provide a

20   simple, concise, and direct statement of each violation alleged.

21         Furthermore, the Complaint does not contain enough information to put

22   Defendant City of Los Angeles or Officers Born and Sanchez on notice and in a

23   position to understand, within minutes, how they are alleged to have violated

24   Plaintiff's constitutional rights.  See McHenry, 84 F.3d at 1177.  For instance, Plaintiff

25   alleges that Defendant City of Los Angeles, and LAPD Officers Born and Sanchez

26   violated her Fourteenth Amendment rights by failing to investigate the theft and

27   vandalism of her car.  Dkt. 1 at 4–9.  Plaintiff alleges that she informed the

28   Defendants of "all the details leading up to the call" to the police but does not specify

the contents of that conversation.  Dkt. 1 at 5.  Without more information regarding what "all of the details" consists of, it is impossible to determine whether Defendants' actions were unlawful or within their discretion.  Nor is it clear what, if any, injury Officers Born and Sanchez caused Plaintiff by not sufficiently investigating Plaintiff's allegations.

Lastly, Plaintiff fails to connect each defendant to their respective unlawful conduct.  Throughout the body of the Complaint, Plaintiff refers to "the Defendant" without clearly stating whom she is referring to.  Dkt. 1 at 4–9.  Plaintiff lists "City of Los Angeles" in the caption but does not specify any action or inaction taken by the city or how it was unlawful.  Plaintiff fails to list Officers Born and Sanchez in the caption but refers to them as "the Defendant" for the duration of her discussion of her interactions with the LAPD.  Id.  Thus, the Complaint is unclear as to which Defendant is accused of which actions and therefore renders the Defendants unable to plead intelligently.  If Plaintiff files an amended complaint, she must clearly list and identify all individual(s) and/or entities she is naming as defendants, and what capacity she is suing them in.[5]

Plaintiff should be aware that in order to state a claim for a civil rights violation under section 1983, she must allege that a particular defendant, acting under the color of state law, deprived Plaintiff of a right guaranteed under the U.S. Constitution or a federal statute.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Suits against government officials under section 1983 in their individual capacities "seek to impose a personal liability upon a government official for actions he takes under color of state law."  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

---

[5] Plaintiff has also failed to specify if she intended to sue Officers Born and Sanchez in their official capacity as government officials, in their individual capacities, or both.  Absent this information, the Court assumes Plaintiff intends to sue Officers Born and Sanchez in their individual and official capacities.

affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify the legal and factual basis for each Defendants' alleged liability. To properly state a claim against Defendants in their individual capacities, a plaintiff must explain:

(1) the constitutional right that Plaintiff believes was violated;

(2) the name of the Defendant(s) who violated the right;

(3) exactly what the Defendant(s) did or failed to do;

(4) how the action or inaction of the Defendant(s) is connected to the violation of Plaintiff's constitutional right; and

(5) what specific injury Plaintiff suffered because of the Defendant(s)' conduct.

See Tucker v. Stewart, 72 F. App'x 597, 598 (9th Cir. 2003) (denying plaintiff's claims for failing to satisfy Rule 8 where he failed to allege these elements as instructed by the district court).

Ultimately, unclear pleadings, like the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal. See Little, 2013 WL 436018, at *3. The Complaint is therefore subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177.

## C. THE COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM

### 1. Applicable law

#### a. The Due Process Clause

The Due Process Clause protects against governmental deprivations of "life, liberty, and property" without due process of the law. U.S. Const. amend. XIV, § 1. However, while the Due Process Clause applies to governmental deprivations, it does

not imply that the State must intervene in deprivations of these interests by third

parties.  DeShaney v. Winnebago Cty. Dep't of Soc. Serv., 489 U.S. 189, 195 (1989).

Therefore, absent a special relationship or special statutory duty, there is no

"affirmative right to government aid, even where such aid may be necessary to secure

life, liberty, or property interests" from other citizens.  Id. at 196; see Doe v. Cty. of

San Mateo, No. C 07-05596 SI, C 08-2541 SI, 2009 at *8 (N.D. Cal. Mar 19, 2009).  It

follows that, "the benefit that a . . . party may receive from having someone else

arrested for a crime generally does not trigger protections under the Due Process

Clause, neither in its procedural nor in its 'substantive' manifestations."  See Town of

Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005); see also Linda R.S. v.

Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another.").

  As a result, "the Due Process Clause is not implicated" when a police

department fails to investigate a crime or protect a victim from others.  Snyder v.

Smith, 7 F. Supp. 3d 842, 858 (S.D. Ind. 2014).  Put plainly, a private plaintiff "lacks

standing to compel the investigation or prosecution of another person[.]"  See

Graves-Bey v. City & Cty. of San Francisco, 669 Fed. Appx. 373, 374 (9th Cir. 2016).

Therefore, mere failure to investigate a complaint without evidence of a further

violation is not sufficient to state a section 1983 claim.  See, e.g., Boldt v. Myers, 376

Fed. Appx. 800, 801 (9th Cir. 2010); Gini v. Las Vegas Metropolitan Police Dep't, 40

F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation

to investigate a crime in a particular way or to protect one citizen from another even

when one citizen deprives the other of ... property.") (citing DeShaney, 489 U.S. at

195–96 (1989)).

  **2.   Analysis**

  Plaintiff alleges that she "had a right to be protected as a citizen of California

from the acts by others aimed at causing the Plaintiff harm, loss or both, especially

those that are committed intentionally and criminally," and that Defendants violated

that right.  Dkt. 1 at 2, 9.  The Due Process Clause does not include an affirmative right to government protection from other citizens.  DeShaney, 489 U.S. at 195. Therefore, Plaintiff has no constitutional entitlement to the Defendants' investigation of her reported theft and vandalism.  See, e.g., Andersen v. Helzer, 551 Fed. Appx. 363, 364 (9th Cir. 2014) (district court properly dismissed due process claim against deputy sheriff defendants where amended complaint did not show that defendants violated any federally protected right when failing to investigate theft of plaintiff's property).

Nor does Plaintiff allege that there existed a special relationship or statutory duty that required the Defendants to investigate.  The Complaint does not, for example, cite any statute that required the Defendant to investigate Plaintiff's claims.

Furthermore, even assuming that the Defendants performed an inadequate investigation, Plaintiff cannot sue Defendants under section 1983 for their allegedly lackluster investigation.  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim . . . ."); see also Sexual Sin De Un Abdul Blue v. City of Los Angeles, No. 2:09-7573-PA (JEM), 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010) (considering Fourteenth Amendment due process claims, "[t]he officers had no affirmative duty to investigate the situation in the manner plaintiff demanded. Moreover, an inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved, such as failure to protect against discrimination.").

To summarize, Plaintiff has failed to establish a special relationship or statutory duty requiring the Defendants to investigate her report, nor has Plaintiff cited any legal authority indicating she may bring a due process claim for an inadequate

investigation.[6]  Accordingly, her Complaint must be dismissed for failure to state a claim.

## D.    THE COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

### 1.    Applicable law

The Equal Protection Clause requires the State to provide all persons in "its jurisdiction with equal protection of the laws." U.S. Const. amend. XIV § 1. A plaintiff can state an equal protection claim by showing that defendants acted with "invidious discriminatory intent" based on plaintiff's membership in a protected class. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 270–71 (1977); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

A successful equal protection claim may also be brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008) (recognizing that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" (internal citation omitted)).

For a plaintiff "[t]o succeed on a 'class of one' theory, [the plaintiff] must demonstrate that the [State]: (1) intentionally, (2) treated [the plaintiff] differently from others similarly situated . . . (3) without a rational basis." Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2017). For treatment to be "intentional," the

---

[6] Notably, it is unclear what Plaintiff alleges the Officers failed to investigate here. The Due Process Clause does require government aid where government actors are depriving a plaintiff of life, liberty, or property, DeShaney, 489 U.S. at 196, or if there is another constitutional right involved. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985). However, the Complaint appears to allege Officers Born and Sanchez failed to investigate the items taken from her car and the damage to her vehicle, rather than her allegations against the LAFD as described in her other complaint before this Court, Case No. 2:21-1429-MCS (MAR).

1   plaintiff must show that the State intended to subject the plaintiff to differential

2   treatment.  Id.  The plaintiff must also provide evidence displaying how the treatment

3   plaintiff received was, in fact, different from others who are similarly situated.  Id.

4   Lastly, the plaintiff must provide evidence that there was no rational basis for the

5   distinction in the treatment that plaintiff received versus those similarly situated.  Id.

6   at 1023 (referencing Willowbrook, 528 U.S. at 564).

7       **2.    Analysis**

8       Here, Plaintiff alleges that Defendants City of Los Angeles, LAPD, and LAPD

9   Officers Born and Sanchez "blatant[ly] deni[ed]" Plaintiff her "Equal Rights to

10  Protection a citizen … under the 14th Amendment, Section I."  Dkt. 1 at 8–9.  It is

11  unclear from the Complaint whether Plaintiff's intends to state an Equal Protection

12  claim against the Defendants based on membership in a protected class or as a "class

13  of one".  Regardless, the Complaint does not contain sufficient facts to show that the

14  Defendants violated her rights under the Equal Protection Clause.  Plaintiff alleges

15  that "the Defendant[s] . . . turned hostile towards [her,]" and that "not a beep has

16  come out of the Defendant's report" nor have Defendants "provide[d] her with a

17  reason for the no action taken[.]".  Id. at 6, 8.  These allegations do not sufficiently

18  satisfy the requirements for an Equal Protection Claim.  For instance, the Complaint

19  does not include facts that show how the treatment Plaintiff received differed from

20  the treatment of others, either in a different racial or ethnic group, or those similarly

21  situated to Plaintiff.  Nor does the Complaint provide evidence that the Defendants

22  intended to treat the Plaintiff differently or that, if they did treat her differently, they

23  lacked a rational basis for doing so.  Gerhart, 637 F.3d at 1022–23.  Accordingly, the

24  Complaint must be dismissed with leave to amend for failure to state a Fourteenth

25  Amendment claim.

26  ///

27  ///

28  ///

## V.

## <u>LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in her pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action.  .  However, if Plaintiff decides to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, **IT IS ORDERED THAT within twenty-one (21) days** of the service date of this Order, Plaintiff choose one (1) of the following three (3) options:

1.       Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above.  **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District Civil Rights Complaint Form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a First Amended Complaint, she must clearly designate on the face of the document that it is the "First Amended Complaint", it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint or any other pleading, attachment, or document.

In addition, the FAC must be complete without reference to the Complaint or any other pleading, attachment, or document.  Further, if Plaintiff feels that any document is integral to any of her claims, then she should attach such document as an exhibit at the end of the FAC and clearly allege the relevance of each attached document to the applicable claim raised in the FAC.

An amended complaint supersedes the preceding complaint.  Ferdik, 963 F.2d at 1262.  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

Irrespective of Plaintiff's pro se status, if she wishes to proceed with this action, she must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R.").  See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"; L.R. 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."); see also L.R. 11-3.8(d).  Plaintiff's pleading also must be numbered consecutively at the bottom of each page.  See, e.g., L.R. 11-3.1.1, 11-3.2, 11-3.3.

2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is also directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if she chooses to voluntarily dismiss the action.**

3.      Finally, Plaintiff may file a Notice of Intent to Stand on Complaint, indicating Plaintiff's intent to stand on the original Complaint despite the pleading

defects set forth herein, which may result in the dismissal of this action in its entirety based upon such defects.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in this action being dismissed with or without prejudice on the grounds set out above, for failure to state a claim, or failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Dated:  August 10, 2021

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____ is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                                    *Signature of Attorney/Party*

*NOTE:  **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
|  | _____ |
|  | *To be supplied by the Clerk* |
| PLAINTIFF, |  |
| v. | **CIVIL RIGHTS COMPLAINT** |
|  | **PURSUANT TO** *(Check one)* |
|  | ☐ 42 U.S.C. § 1983 |
| DEFENDANT(S). | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.   PREVIOUS LAWSUITS

1.   Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.   If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)                    (Claim II)                   (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

2.  Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

3.  Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

4. Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5. Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D.  CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

| _____ | _____ |
| :---: | :---: |
| *(Date)* | *(Signature of Plaintiff)* |